## ASSIGNMENT OF THE ELAINE BUILDING AND LOAN ASSOCIATION, WM. HAGERSDORF, Respondent, v. NORFLEET HILL et al., Appellants.

### St. Louis Court of Appeals, January 2, 1900.

1. **Assignee, Compensation of:** RULE OF CIRCUIT COURT, DISCRETION OF JUDGE. The statutes of this state do not fix the amount to be allowed an assignee for the discharge of his duties as such under the superintendence of the circuit court, but leave that question to the judicial discretion of the judge.

2. ———: ———: ———: REASONABLE VALUE OF SERVICE OF ASSIGNEE AND ATTORNEY. The rule adopted by the circuit court of the city of St. Louis, "that under no circumstances shall the amount to be allowed an assignee by the court for his compensation and that of his ordinary counsel fees together exceed fifteen per centum of the estate received and disbursed by said assignee, provided, however, this rule is not to apply to attorneys' fees in litigated cases prosecuted or defended by the assignee in behalf of the estate," was intended to express the judgment of that court as to the reasonable value of the allowances to be made for all matters falling within the classification set forth in the rule.

Appeal from the St. Louis City Circuit Court.—*Hon. William Zachritz*, Judge.

AFFIRMED.

*W. C. & J. C. Jones* for appellant.

(1) The allowance of the lower court is unreasonable. The evidence, on which the court in this, as in other cases, must act, all shows that the services rendered by the attorneys were worth far more than the amount allowed. LeBrun v. Boulanger, 56 Mo. App. 41; Mullinix v. Catron, 2 Mo. App. 341; State v. Grabell, 69 Mo. App. 536. (2) The rule of court restricting the amount allowable to assignees and their attorneys is void because unreasonable, because it is in contravention of the statutes of this state and undertake, in advance of any investigation, to limit the amount of compensation to assignees and the amount which they may pay for necessary legal services. Purcell v. Railroad, 50 Mo. 504; Calhoun v. Crawford, 50 Mo. 458; State ex rel. v. Gideon, 119 Mo. 98; State v. Withrow, 135 Mo. 382; State ex rel. v. Withrow, 133 Mo. 522; State v. Bryant, 55 Mo. 75; State v. Underwood, 75 Mo. 230. (3) The rule of court is inapplicable to the case presented, or the court improperly construed the rule. (4) Though the rule be valid, the enforcement of it lies in the discretion of the trial court, and it was an abuse of that discretion to enforce it (as construed by the court) in this case. Kuh v. Garvin, 125 Mo. 547.

No brief furnished for respondent.

BOND, J.—On the Twentieth of November, 1894, the Elaine Building and Loan Association, a corporation, made an assignment for the benefit of its creditors. The assignee retained J. C. and W. C. Jones as his attorneys. In 1898 he filed a term report showing a balance in his hands of $1,196.83, and prayed an allowance for his own services and those of his attorneys, the itemized account for the latter aggregating $895, upon which a credit was entered of $100, leaving the balance claimed $795. J. C. Jones testified as to

the services rendered.. Upon the basis of his evidence in this respect other witnesses testified the amount charged was reasonable. The matter was submitted to the trial judge, who made the following order of allowance:

"The court having heard and duly considered the application of the assignee and his attorneys for allowances to them for their services herein, and the evidence adduced in support thereof, and it appearing to the court that by section 3 of rule 36 of this court, the court is restricted in the compensation it may allow to assignees and their attorneys to fifteen per cent of the amount actually received and disbursed by the assignee (except that the court may make a further allowance for attention to litigated cases), which rule is as follows: 'Sec. 3. The rate of compensation that will be allowed by the court to an assignee shall ordinarily be not more than that fixed by statute for administrators of estates to the decedents, and the amount that may be allowed him for ordinary counsel fees shall not exceed one-half of the amount of his own compensation. In an ordinary case, and on satisfactory proof, the assignee may be allowed a higher rate of compensation than that above named, but under no circumstances shall the amount to be allowed him by the court for his compensation and that of his ordinary counsel fees together exceed fifteen per cent of the estate received and disbursed by him, provided, however, this rule is not to apply to attorney's fees in litigated cases prosecuted or defended by the assignee in behalf of the estate.'

"And it further appearing that the total amount received and disbursed by said assignee was only $4,500, fifteen per cent of which sum is $675, the court doth order the assignee to pay to his said attorneys the further sum of $600 in full for their services rendered, and to be rendered herein ($375 of which sum is allowed for general services to the estate, and $225 thereof for attention to litigated cases), and that the assignee retain the sum of $300 in full for his services as

assignee. The court is of the opinion, and the evidence discloses, that the services of the attorneys are worth all that they claim, to wit, the sum of $895, and that the services of the assignee are worth more than has been allowed to him, but in view of section 3 of rule 36 of this court, restricting compensation that may be allowed to assignees and their attorneys, by which rule this court is bound, the court declines to make any further allowance than as above stated."

From this judgment the assignee appealed to this court.

It is insisted by appellant that the trial court erred in applying to the allowances requested by him the rate of fees for such services contained in the rule of the St. Louis circuit court, set forth in the foregoing judgment. The rule in question was adopted by the St. Louis circuit court in general term to afford a just and equal basis of allowances in its several divisions for the services and expenses incurred by assignees in the administration, under the orders and direction of the court, of assigned estates. The object of the rule is salutary and wholesome, for it is only just that the same sums should be paid in one division of the court which are paid in all others for the same services. The schedule fixed was adopted, after consultation and agreement, among the judges of the respective divisions of the court. Its fairness may be reasonably assumed in view of the experience of the judges of the St. Louis circuit court in supervising the administration of assigned estates, and their competency to estimate the value of the services rendered by the assignee and what should be allowed him for legal assistance in the instances mentioned in the rule. Courts are empowered to make all needful rules for the just and proper conduct of the business entrusted to them, which do not prejudice vested rights. The statutes of this state do not fix the amount to be allowed an assignee for the discharge of his duties as such under the superintendence of the circuit court but leave that question to the judicial discretion of the judge. We do not think this was abused by

the adoption of the rule in question. Of course, the rule does not affect the rights of the attorneys of the assignee, for they have no direct claim as such against the assigned estate, and are entitled, as against the assignee, to the reasonable value of the services rendered at his instance, irrespective of what the court might allow him to cover such expenses. Prior to the adoption of the rule in question the assignee was entitled to be reimbursed, on account of counsel fees necessary to the discharge of his trust, to an allowance equal to their reasonable value. But he sustained no direct relationship with the court, nor did any statute fix the sum which he was entitled to receive on this account. His right to such allowance depended solely upon proof that the counsel fees were legitimately incurred, and of their reasonable value, upon which evidence the amount to be allowed was lodged in the sound discretion of the court wherein the trust was administered. The rule adopted by the St. Louis circuit court was intended to express the judgment of the court as to the reasonable value of the allowances to be made for all the matters falling within the classification set forth in the rule. If the assignee was not satisfied with the sums therein specified, he could have declined to act as such, but having performed his duties under the directions of the court, and in the light of the rule governing a portion of the allowances which he would be entitled to receive, he is in no position now to complain of his failure to receive a greater sum. The result is that the judgment herein is affirmed. All concur.